JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Tommy McClenton, appeals his sentence following his guilty plea to two counts of felonious assault. The record does not contain the full details of the altercation, but the victim did address the court at the sentencing hearing and stated that he could no longer walk without a walker and was seriously limited in his life's activities. Although defendant had never served a prison term, the trial court sentenced him to six years for each count, to be served concurrently.
 {¶ 2} Defendant states one assignment of error in this delayed appeal:
"I. THE TRIAL COUR [sic] ERRED AND DEFENDANT WAS PREJUDICED BYIMPOSITION OF SIX YEAR SENTENCES IN CONTRAVENTION OF R.C. 2929.14."
 {¶ 3} Defendant argues that the trial court erred in imposing a prison sentence of six years for a second degree felony, because the court did not make the proper findings for a person who had never served a prison sentence before. We agree.
 {¶ 4} The prerequisites for imposing a prison sentence on a defendant who has never been in prison are found in R.C. 2929.14, which states in pertinent part:
 {¶ 5} "(B) * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorizedfor the offense pursuant to division (A) of this section, unless one ormore of the following applies:
 {¶ 6} The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 7} The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)"
 {¶ 8} Felonious assault is a second degree felony. "For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." R.C. 2929.14(A)(2). Unless the court made a proper finding satisfying (2) above, therefore, the court was required to impose a two-year sentence for each felonious assault.
 {¶ 9} When it sentenced defendant, the trial court stated only the following:
"THE COURT: Indeed, Mr. McClenton, you took responsibility when youentered a plea of guilty to the two counts of felonious assault.Certainly, the Court doesn't know what happened on this occasion. That isknown only to the victim and the Defendant.
 I have before me a pre-sentence investigation report, which gives adifferent version of the events.
 However, the Court cannot overlook the fact that there was seriousphysical, emotional and financial harm as a result of this senseless act.
 So I'm going to sentence you on both counts, Mr. McClenton, to a termof incarceration of six years to be served at the Lorain CorrectionalInstitution concurrent."
 {¶ 10} Nothing in the record shows that defendant had ever served a prison term. As to the alternative criterion in section (2), the state in its brief concedes that "the trial court did not state on the record any statutory reason for imposing a sentence that exceeded the minimum term for a first time offender." Appellee's brief at 6.
 {¶ 11} To properly impose a sentence greater than two years, the court had to make at least one of the findings stated in R.C.2929.14(B)(2), that is, that the shortest term would demean the seriousness of the offense or that the shortest term would not protect the public adequately from future crime. State v. Edmonson (1999),86 Ohio St.3d 324, 326. In Edmonson, the Ohio Supreme Court said,
"the trial court did not specify either of these reasons listed inR.C. 2929.14(B) as supporting its deviation from the minimum sentence * **. With this record, there is no confirmation that the court firstconsidered imposing the minimum * * * sentence and then decided to departfrom the statutorily mandated minimum based on one or both of thepermitted reasons. Accordingly, we agree with the judgment of the court ofappeals vacating the trial court's sentence and remanding this cause tothe trial court for resentencing."
 {¶ 12} Id. at 328.
 {¶ 13} Although the court, here, did touch upon the seriousness of defendant's crime, the court stopped short of finding the minimum sentence would demean the seriousness of the offense. Moreover, nothing in the record shows that the trial court made a finding that the minimum two-year sentence was not adequate to protect the public. This court must, therefore, vacate the trial court's sentence and remand the case for resentencing.
 {¶ 14} Judgment accordingly.
It is ordered that appellant recover of appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, P.J., and Colleen Conway Cooney, J., concur.